After consideration, the President delivered the opinion of the court, on the 26th of August.
Shippen, President.
This is a question concerning the binding nature of a recognisance of bail, as to the lands of the bail; and whether, in Pennsylvania, a prior recognisance creditor, or subsequent judgment-creditors, shall have the preference.
From the cases cited, it appears, that, although lands in England are bound by recognisance, yet there is some uncertainty as to the time from which they are bound : whether from the caption, or from the enrolment of the recognisance ; or from the judgment against the principal; or from a non est inventus returned upon the cci. sa. And several of the cases which mention that lands are bound upon the *caption, are since the statute of frauds, which says that the lien shall be from the enrol- L meat.
*136 I do not find that there have been any legal decisions upon this point in Pennsylvania ; but a general opinion has taken place, which has been carried into universal practice, that recognisances do not here bind lands, until they arc proceeded upon to judgment against the bail. Hence it is, that, whenever a purchase, or mortgage, is made, the examination at the offices, and the certificates which are given by the prothonotaries, are only of the judgments in force against the seller or mortgagor, and not concerning recognisances. The practice has, indeed, been so general, that all the conveyancers and lawyers, for a long course of years, have, on such occasions, confined their inquiries to that circumstance alone ; and many titles must, therefore, depend upon it, which would be shaken, if a contrary construction should now be adopted.
Whether this opinion took its rise from the different situation in which the lands of this country are from those of England, and from their being liable to be sold for debts ; or from the silence of the legislature upon the subject; or from what other cause, we can but conjecture. It is remarkable, however, that when our act for the prevention of frauds was made, in the year lili, although the legislature copied the clause in the English statute relating to judgments, and was minutely exact as to the time from which they should bind lands, yet they totally omitted the clause relating to recog-nisances. This silence, it is true, is no abrogation of a law ; but it looks as if the assembly had taken up the popular idea, that recognisances did not bind until judgments were obtained upon them, and therefore, they thought that no particular provision was in that respect necessary. Upon what principle, indeed, could they else have been so careful of innocent purchasers in the one case, and not in the other ?
We may also properly take into view, that, long before the passing this act for the prevention of frauds, the relative dignity of judgment-debts, and of those upon recognisance, had been settled by a law, directing the order of paying the debts of persons deceased. That is: 1st. Physic and funeral expenses. 2d. Debts and duties to the Queen. 3d. Debts due to the proprietor and governor. 4th. Judgments. 5th. Debts due by recognisances. 6th. Rents, &c. If, however, it should be said, that this is only a direction in what order debts shall be paid, without any respect to the binding nature of judgments and recognisances, it may be answered, that, from the situation of lands in this country, that consideration must necessarily be included. Here, as I have already observed, lands are chattels for the payment of debts; they are chattels too in the hands of executors ; and all writs of fi. fa. direct the levy accordingly to be made, of the goods and chattels, lands and tenements of the deceased, in the hands of the executor. If, then, in such a case, two writs are executed upon lands, founded, sal 0ILe TP011 a prior recognisance, and the other on a judgment subseJ quent to the recognisance, but * prior to the judgment upon it, the court must clearly decree a preference to the judgment-creditor. This seems indeed to be a legislative direction as to recognisances in similar cases ; for, what confusion would arise, from supposing the lands of deceased persons to be bound from one time, and the lands of living persons from another ?
Upon the whole, we think, that great mischiefs and dangers would be imposed upon honest purchasers, if, at this time of day, we should unsettle *137 what has been so long the general opinion and practice on this subject. Therefore—
Let the plaintiff take preference only from the date of the judgment on the scire facias, (a)

 In Patterson v. Sample, 4 Yeates 308, the question of the lien of a recognisance was fully discussed; and although the court declined deciding in a summary way, the right to take money out of court in the particular case, yet O. J. Tilghman observed: “I think, however, the opinion of Mr. President Shipper, in Campbell v. Richardson, cannot now be shaken, as to the period when a recognisance binds the lands of the bail.” Judge Beackenridge expressed a similar opinion; and the doctrine is believed to be now firmly established. In a very recent case (Allen v. Reesor, 16 S. & R. 10), C. J. Gibson, after an extensive examination of the authorities, came to the conclusion, that a recognisance was not a lien on lands, by the common law, that in England the lien took place by virtue of the stat. Westminster 2d, which is not in force in this state, and that in Pennsylvania, a recognisance is a lien upon lands only in two cases, one by express act of assembly (act of 28th March, 1803), in the case of sheriffs, and the other by long and continued usage, in the case of recognisances given for the distributive shares of an intestate’s estate. Upon the case in the text, he remarked, “ in Campbell v. Richardson, Chief Justice Shipper, when president of the common pleas (but at any time a great authority), held, that a recognisance is not a lien on the lands of special bail, and this on the ground of a general understanding, which was said to have been carried into universal practice. Had this sound lawyer and excellent judge reflected Dut for a moment, on the origin of the lien of recognisances, he would not have put the case on the existence of a custom.”